Argued September 21, affirmed September 28, rehearing denied November 23, 1926.

## STATE *v.* JOE WALKER.

(249 Pac. 635.)

**Criminal Law.**

1. Where search-warrant, affidavits therefor, and motion to suppress evidence were not in record, whether evidence was obtained by illegal search cannot be considered on appeal, in view of Section 1625, Or. L.

**Criminal Law.**

2. Where county clerk is derelict in duty in making up judgment-roll, application should be made to Supreme Court for order directing him to comply with statute, as defined by Section 1582, Or. L.

---

Criminal Law, 17 C. J., p. 132, n. 86, p. 165, n. 24, p 274, n. 17.

From Marion: PERCY R. KELLY, Judge.

Department 1.

Defendant was convicted in the Justice Court of the crime of unlawful possession of a still. Upon

---

1. See 2 R. C. L. 131.

appeal to the Circuit Court he was again convicted. Hence this appeal.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. W. E. Critchlow* and *Mr. Guy O. Smith,* with an oral argument by *Mr. W. N. Gatens.*

For respondent there was a brief over the name of *Mr. John H. Carson,* District Attorney.

BELT, J.—1, 2. A reversal of the judgment of conviction is asked for the principal reason that the evidence tending to establish the guilt of defendant was obtained as a result of an illegal search and seizure. This would, indeed, be an interesting question were it before us for decision. The "transcript on appeal" contains a duly certified copy of the judgment of conviction, notice of appeal, and undertaking on appeal. There is also what purports to be a bill of exceptions, which has been filed here but not in the lower court, consisting of the entire transcript of the evidence. The affidavits for search-warrant, the search-warrant, and the motion for suppression of the evidence are not in the record. Neither is the complaint made a part of the judgment-roll.

It is statutory (§ 1625, Or. L.) that upon an appeal to this court "the judgment or order appealed from can only be reviewed as to questions of law appearing upon the transcript." We will not presume error. It is incumbent upon the appellant to bring before us that part of the record which he desires to have reviewed. If the county clerk was derelict in his duty in making up the judgment-roll, appellant should have applied to this court for an order directing such official to comply with the statute as defined

by Section 1582, Or. L. The district attorney called attention in his brief to the state of the record and defendant did not profit thereby. It must be apparent there is no question before us for decision.

It follows that the judgment of conviction is affirmed.        AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.